**United States District Court**
**Northern District of Indiana**

| TIMOTHY BERNARD BROWN, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Civil Action No. 3:11-CV-311 JVB |
| SUPERINTENDENT, | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Timothy Bernard Brown, a *pro se* prisoner, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his 2009 convictions in St. Joseph County for burglary and robbery. Pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, the court is obligated to review a habeas petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"

This case has a convoluted procedural history. On August 11, 2008, Brown was convicted of burglary and robbery. *Brown v. State*, No. 71A04-0812-CR-688, 2009 WL 2044464, at *2 (Ind. App. Ct. July 15, 2009). On August 18, 2008, prior to sentencing, he filed a *pro se* petition for post-conviction relief arguing insufficient evidence and other claims. (DE 1 at 1; DE 21 at 11-14.) In September 2008, Brown was sentenced to a 20-year term of imprisonment. *Brown*, 2009 WL 2044464, at *2. In October 2008, Brown filed a direct appeal through his appointed counsel. (DE 21-1 at 19-20.)

While the appeal was pending, the trial court held a status hearing on the post-conviction petition; in November 2008, the court dismissed the petition without prejudice due to numerous technical deficiencies. (DE 21-1 at 1-3, 24-25.) Brown filed an amended petition on January 12, 2009, claiming ineffective assistance of counsel, police misconduct, and other grounds. (DE 21-1

at 2, 28-34.) The court thereafter issued an order stating that no evidentiary hearing would be held until Brown's direct appeal was resolved. (*Id.* at 2.) On July 15, 2009, the Indiana Court of Appeals affirmed Brown's convictions. *Brown*, 2009 WL 2044464, at *1. He did not file a petition to transfer with the Indiana Supreme Court or seek review in the United States Supreme Court. (DE 1 at 1.)

Thereafter, proceedings resumed on Brown's post-conviction petition. In the ensuing year and a half, Brown filed more than 30 motions, including several motions for "summary judgment," motions seeking "declaratory relief," and motions seeking his immediate release from prison. (DE 21-1 at 2-6.) On September 14, 2011, while the state post-conviction petition remained pending, Brown filed a federal habeas petition claiming ineffective assistance of counsel and other grounds. (DE 1 at 3-4.)

Brown's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before considering the merits of a habeas petition, however, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every

>level in the state court system, including levels at which review is discretionary rather than mandatory.

*Lewis*, 390 F.3d at 1025-26 (internal citations and quotation marks omitted).

Here, Brown acknowledges that he has not exhausted his state court remedies and that his post-conviction petition remains pending. (DE 1.) He nevertheless argues that his failure to exhaust should be excused because of excessive delay in the state proceedings. (DE 19, 20, 21.) He requests leave to submit documents in support of his argument that he should be excused from exhausting (DE 21), and this request will be granted. However, even considering these documents, Brown does not satisfy the requirements for waiver of the exhaustion requirement.

In rare instances, federal courts may dispense with the exhaustion requirement because delay on the part of the state has led to injustice to the petitioner. *Granberry v. Greer*, 481 U.S. 129, 135-36 (1987). To qualify for this exception, the delay must be both "inordinate" and "unjustifiable." *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997). Thus, where a petitioner's petition for post-conviction relief "had lain dormant for nearly three and one-half years despite his attempts . . . to obtain a ruling," the Seventh Circuit found grounds for excusing the exhaustion requirement, unless the state could show that the delay was justified. *Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1981); *see also Jackson*, 112 F.3d at 878-79 (stating in *dicta* that state's failure to take any action on post-conviction petition for more than five years would provide grounds for excusing the exhaustion requirement).

Brown's case does not fall into this exceptional category, as his petition has not been lying "dormant" for several years. Instead the record shows that he filed his petition in August 2008, before he was even sentenced. He thereafter pursued a direct appeal, and the trial court reasonably deferred conducting substantive proceedings on Brown's *pro se* petition until his

3

appeal was resolved. His convictions were affirmed in July 2009, at which time proceedings on the post-conviction petition resumed. Since that time, the trial court has issued orders in connection with Brown's many motions, and also issued a ruling denying a portion of the petition. (DE 21-1 at 1-6.) In October 2011, Brown's petition was reassigned to a different judge at his request. (DE 19 at 9; DE 21-1 at 5.) Although it is clear from the record that Brown is impatient for a ruling on the remainder of his petition, he has not experienced the type of inordinate delay that would excuse his failure to exhaust.

Accordingly, Brown's petition must be dismissed.[1] The dismissal will be without prejudice to Brown's right to file a new petition after the state proceedings have concluded. Because Brown's petition must be dismissed, his motion for a preliminary injunction (DE 19) seeking various forms of relief while this case is pending will be denied as moot.

For these reasons, the motion to submit documentary evidence (DE 21) is **GRANTED**. The petition (DE 1) is **DISMISSED WITHOUT PREJUDICE**, and the motion for a preliminary injunction (DE 19) is **DENIED** as moot.

**SO ORDERED** on December 2, 2011.

s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division

---

[1] The district court should consider staying rather than dismissing a habeas petition containing unexhausted claims when the statute of limitations has run or is close to running, such that dismissal "would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (2006). There is no danger of that here, as Brown's post-conviction petition was already pending when the direct review proceedings concluded, thus tolling the deadline for filing a federal habeas petition. *See* 28 U.S.C. § 2244(d)(2). If Brown acts diligently, he should have no difficulty returning to federal court once the state post-conviction proceedings have concluded.